1  JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  THOMAS GREEN
   Assistant United States Attorney
4
        450 Golden Gate Avenue, 9th Floor
5       San Francisco, California 94102-3495
        Telephone:   (415) 436-7314 (Green)
6       Facsimile:   (415) 436-6748
        Email:       thomas.green@usdoj.gov
7
   Attorneys for Federal Defendant
8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                         OAKLAND DIVISION
11

12 | FARMERS INSURANCE EXCHANGE, )    No. C 09-1584 CW
13 |       Plaintiff,            )
                                 )    **STIPULATION AND AGREEMENT OF
14 |    v.                       )    COMPROMISE AND [PROPOSED]
                                 )    ORDER**
15 | UNITED STATES OF AMERICA,   )
                                 )
16 |       Defendant.            )
                                 )
17 |_____)
                                 )
   | UNITED STATES OF AMERICA,   )
18 |                             )
   |       Counterclaimant,      )
19 |                             )
   |    v.                       )
20 |                             )
   | FARMERS INSURANCE EXCHANGE, )
21 |                             )
   |       Counterclaim Defendant.)
22 |_____)

STIPULATION AND AGREEMENT OF COMPROMISE AND [PROPOSED] ORDER
No. C 09-1584 CW

1  IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Counterclaim Defendant Farmers Insurance Exchange ("Plaintiff") and Defendant and Counterclaimant the United States of America ("Defendant") (collectively the "parties"), by and through their undersigned counsel, as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. Both parties agree to dismiss their respective claims against one another with prejudice.

3. The Defendant agrees to pay the sum of One Thousand Dollars and no cents ($1,000.00) to Plaintiff which shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, foreseen or unforeseen, for property damages arising from the same subject matter that gave rise to the above-captioned lawsuit, for which Plaintiff or its heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

4. Plaintiff and its heirs, executors, administrators or assigns hereby agree to accept the sum stated in paragraph 3 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, foreseen or unforeseen, for property damages arising from the same subject matter that gave rise to the above-captioned lawsuit, for which Plaintiff or its heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

5. This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of the United States, its agencies, agents, servants, or employees, and is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

6. The parties may plead this Agreement as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 09-1584 CW                               2

claims released and discharged by the Agreement.

7. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, *attorneys' fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.*

8. Payment of the settlement amount to Plaintiff will be made by a check for One Thousand Dollars exactly ($1,000.00) and made payable to Plaintiff Farmers Insurance Exchange and the Law Offices of Susan M. Benson & Associates, LLP. The check will be mailed to Plaintiff's attorney at the following address: Susan M. Benson & Associates, LLP, 6345 Balboa Blvd., Suite 112, Building 1, Encino, CA 91316.

9. In consideration of this Agreement and the payment of the foregoing amounts thereunder, Plaintiff agrees that it will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action, which is captioned *Farmers Insurance Exchange v. United States of America*, Northern District of California case number C 09-1584 CW.

10. Plaintiff and its attorneys have been informed that payment of the settlement amount may take 60 days or more to process.

11. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue its original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter *for the purposes of resolving any dispute alleging a breach of this Agreement.*

12. Plaintiff hereby releases and forever discharges the United States and any and all of its past and present officials, employees, agencies, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in this action.

13. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

14. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

15. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

16. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability. Plaintiff, and its attorneys, will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by plaintiff to pay any tax liability he might be responsible for from any

1 | government agency.
2 |
3 |
4 | Dated: March 24th, 2010  Maureen M Schulte    /s/ Maureen M Schulte
5 |                                               FARMERS INSURANCE EXCHANGE
6 |                                               Plaintiff
7 |
   | Dated: March ___, 2010    /s/
8 |                                               SUSAN M. BENSON
   |                                               Attorney for Plaintiff
9 |
10 |                                              JOSEPH P. RUSSONIELLO
    |                                            United States Attorney
11 |
12 | Dated: March 23, 2010    By:      /s/
    |                                            THOMAS R. GREEN[1]
13 |                                            Assistant United States Attorney
    |                                            Attorneys for the Federal Defendant
14 |
15 |
16 |
17 |
18 |
19 |
20 | ///
21 |
22 |
23 |
24 |
25 |
26 | _____
27 | [1] I, Thomas R. Green, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.
28 |

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 09-1584 CW                                             5

government agency.

Dated: March 24th, 2010  Maureen M Schulte  /s/ Maureen M Schulte
FARMERS INSURANCE EXCHANGE
Plaintiff

Dated: March 30, 2010  _/s/ Susan M. Benson_
SUSAN M. BENSON
Attorney for Plaintiff

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 23, 2010  By:  /s/
THOMAS R. GREEN[1]
Assistant United States Attorney
Attorneys for the Federal Defendant

///

---

[1] I, Thomas R. Green, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 09-1584 CW     5

BFS286

1  PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,
2  APPROVED AND SO ORDERED:
3
4
5
6  Dated:    4/5/2010                    _____
                                          CLAUDIA WILKEN
7                                         United States District Judge

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C 09-1584 CW                                   6